UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLINE SCARPINATO, | COMPLAINT |
| Plaintiff, | |
| -- against -- | Case No.: |
| 1770 INN, LLC., d/b/a THE 1770 HOUSE, BERNARD KRUPINSKI, BONNIE B. KRUPINSKI, | Jury Trial Demanded |
| Defendants. | |

Plaintiff, **CAROLINE SCARPINATO** (hereinafter "Plaintiff"), by and through her attorneys, **ZABELL & ASSOCIATES, P.C.** complains and alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this civil action seeking declaratory relief, monetary damages and affirmative relief based upon Defendants' breach of contract.

## II. PARTIES

2. Plaintiff, **CAROLINE SCARPINATO** is currently a domiciliary of the State of Florida residing in the County of Palm Beach.

3. Upon information and belief, **1770 INN, LLC.** (hereinafter "1770 Inn"), is a Delaware Limited Liability Company, doing business under the laws of the State of New York, at 143 Main Street, East Hampton, NY 11937.

4. Defendant **BERNARD KRUPINSKI** was at all times relevant herein, a domiciliary of the State of New York residing in the County of Suffolk.

5. Upon information and belief, the named Defendant, **BONNIE B. KRUPINSKI**, was at all times relevant herein, a domiciliary of the State of New York residing in Suffolk County.

6. Upon information and belief, the individual Defendants, **BERNARD KRUPINSKI, BONNIE B. KRUPINSKI,** are, along with Plaintiff, co-owners of the 1770 Inn.

### III. JURISDICITION AND VENUE

7. This Court maintains original jurisdiction over the claims presented herein on the basis of diversity pursuant to 28 U.S.C. § 1332.

8. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

9. This court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### IV. FACTS

10. Plaintiff repeats and realleges each and every allegation set forth herein.

11. In or about 2002, Plaintiff was party to an oral Partnership Agreement (herein after "Partnership Agreement") with Bernard Krupinski, Bonnie B. Krupinski and 1770 Inn.

12. As part of this agreement, Plaintiff agreed to forego full compensation to which she would otherwise be entitled for her work opening and contributing to the operations of the 1770 Inn in exchange for an equity interest in the 1770 Inn.

13. The oral contract created a partnership.

14. The terms and conditions of the Partnership Agreement provided that would Plaintiff possess a ten percent (10%) ownership interest in the 1770 Inn, a restaurant and catering hall located in East Hampton, New York.

15. This ownership interest was consistently acknowledged by other partners of 1770 Inn and reflected in numerous documents generated in connection with the business, including, but not limited to, documents relating to 1770 Inn's New York State liquor license. (Attached hereto as Exhibit A).

16. Further, in or about 2002, Bernard Krupinksi entered into an oral contract with Plaintiff, guaranteeing Plaintiff a fifteen percent (15%) ownership interest in 1770 Inn.

17. Accordingly, pursuant to the terms and conditions of the Partnership Agreement, Plaintiff maintained a ten percent (10%) interest in 1770 Inn at its inception. Moreover, pursuant to Plaintiff's oral agreement with Defendants, her share was to be increased to fifteen percent (15%) ownership interest after the business became profitable. Therefore, Plaintiff is entitled to payment for fifteen percent (15%) of the profits and assets generated and/or accumulated by the 1770 Inn.

18. Notwithstanding this fact, 1770 Inn and the individually named Defendants failed to provide Plaintiff with payment representing fifteen percent (15%) of the profits and assets generated and/or accumulated by the 1770 Inn.

19. In addition to the foregoing, in or about March 2011, Plaintiff was excluded from any interaction with the 1770 Inn as an act of oppression and prejudicing the rights of a minority shareholder.

## V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

20. Plaintiff repeats and realleges each and every allegation set forth herein.

21. Defendants entered into a valid and enforceable Partnership Agreement with Plaintiff, which entitled Plaintiff to fifteen percent (15%) of all profits and assets generated and/or accumulated by the 1770 Inn per annum.

22. The 1770 Inn and the individually named Defendants willfully breached the Partnership Agreement by failing to compensate Plaintiff for her shares and excluding her from the operations of 1770 Inn.

23. By reason of Defendants' breach of the partnership agreement, as alleged, Defendants are each jointly and severally liable to Plaintiff in an amount to be determined at trial plus interest, but an amount not less than the sum of fifteen percent (15%) of all profits and assets generated and/or accumulated by the 1770 Inn from 2002 through the present.

24. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer incidental and consequential damages and expenses.

### SECOND CLAIM FOR RELIEF
(Unjust Enrichment and Quantum Meruit)
(Plead in the Alternative)

25. Plaintiff hereby repeats and realleges the allegations set forth herein.

26. Plaintiff performed numerous and valuable services at the behest of and on behalf of Defendants.

27. Plaintiff has not been paid for the reasonable value of those services.

28. By reason of the foregoing, Defendants are collectively and individually liable to Plaintiff in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
(Partnership Oppression)

29. Plaintiff repeats and realleges the allegations as if fully set forth herein.

30. By virtue of Defendants' conduct in excluding Plaintiff from the 1770 Inn's operations and failing to pay Plaintiff for amounts earned and due under the partnership agreement, Defendants have committed oppressive conduct.

31. Although Plaintiff cannot be fully compensated for the damages caused by Defendants' improper actions, she is entitled to the recovery of all damages which can be established, in an amount to be determined at trial, including liquidated damages, where permitted.

## VI.   DEMAND FOR JURY TRIAL

32. Plaintiff repeats and realleges the allegations set forth herein.

33. Plaintiff hereby demands a trial by jury

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff respectfully requests this Court grant the following relief:

a. On the First Claim for Relief, the valuation and dissolution of the partnership between Plaintiff and individually named Defendants in accordance with N.Y. Partnership Law § 63, and damages in an amount to be determined at trial, but believed to exceed the minimum required for jurisdiction of this Court, plus declaratory judgment stating Defendants breached the Partnership Agreement by failing to pay Plaintiff the agreed upon fifteen percent (15%) of all gross income generated by 1770 Inn.

    b. On the Second Claim for Relief, an amount to be determined at trial.

    c. On the Third Claim for Relief, an amount to be determined at trial.

    d. Such other and further relief as the Court may deem just and proper.

Dated: Bohemia, New York
       February 21, 2013

                        ZABELL & ASSOCIATES, PC
                        *Attorneys for Plaintiff*

By: _____
                        Saul D. Zabell, Esq.
                        1 Corporate Drive, Suite 103
                        Bohemia, New York 11716
                        Tel.: (631) 589-7242
                        Fax: (631) 563-7475
                        szabell@laborlawsny.com

# EXHIBIT A

Case 2:13-cv-00955-JS-SIL   Document 1   Filed 02/22/13   Page 7 of 11 PageID #: 7

LAW OFFICES
## CARRERAS & McCALLEN LLP
11 PARK PLACE - SUITE 1210
NEW YORK, NY 10007-2801
212-732-3640
FAX 212-732-3670

CHARLES J. CARRERAS
THOMAS J. McCALLEN

OF COUNSEL
CHARLES LEVIN*
MATTHEW A. LEONE

*ADMITTED NY, NJ

May 3, 2006

<u>UPS Overnight (631-324-1770)</u>

1770 Inn LLC
143 Main Street
East Hampton, NY 11937

Attention: Carol Kovell

Re:   Corporate Change, Stipulation, Application, etc.

Dear Carol:

Enclosed find the required documents for renewal of 1770 Inn LLC's liquor license, plus corporate change application reflecting B.J. Calloway's resignation. Please have the following executed and return all documents to my office along with the fees as identified.

1.   Ben Krupinski to sign and date the renewal stipulation where indicated.

2.   Ben Krupinski and B.J. Calloway to sign and date the corporate change application where indicated.

3.   Ben Krupinski to sign and date the Certificate of Services plus Applicant's Statement where indicated.

4.   Please revise the ownership allocation of 1770 Inn LLC after B.J. Calloway's resignation. I have provided a copy of the SLA's record for your convenience.

5.   Ben Krupinski to sign the original renewal bonds and bond applications where indicated for both 1770 Inn LLC and Cittanuova LLC.

6.   Fees:

(a)   $128.00 - check payable to New York State Liquor Authority for filing fee for corporate change.

(b)   $75.00 - check payable to Excise Bond Underwriters for renewal bond for 1770 Inn LLC.

✓ (c)    $75.00 - check payable to Excise Bond Underwriters for renewal bond for Cittanuova LLC.

✓ (d)    $1,500.00 - check payable to Charles J. Carreras, Esq. for legal retainer. The balance of $500.00 will be due upon approval.

If you have any questions, please contact my office immediately.

Very truly yours,

Thomas J. McCallen

TJMc:mr
Enclosures

## Rider to Main Application

| Name and Address | Member or Manager Position | % of Ownership Interest |
|---|---|---|
| Bernard Krupinski<br>15 Toilsome Lane<br>East Hampton, NY 11937 | Member/Manager | 13.3% |
| Bonnie B. Krupinski<br>15 Toilsome Lane<br>East Hampton, NY 11937 | Member | 13.3% |
| Joseph Perella<br>998 5th Avenue<br>New York, NY 10028 | Member | 13.3% |
| Amy Perella<br>998 5th Avenue<br>New York, NY 10028 | Member | 13.3% |
| Michael Recanati<br>590 5th Avenue<br>New York, NY 10036 | Member | 26.6% |
| Caroline Scarpinato<br>21 King Street<br>East Hampton, NY 11937 | Member/Manager | 10.0% |
| Benjamin Calloway<br>21 King Street<br>East Hampton, NY 11937 | Member/Manager | 10.0% (circled, crossed out) |

*[Handwritten note:]* Provide new allocation of ownership %'s



Andrew M. Cuomo, Governor
Dennis Rosen, Chairman
Jeanique Greene, Commissioner

Home
Public License Query
Wholesale





Forms Quick-Find:      Wholesale Forms      Retail Forms

Help

**Public Query - Results**

License Information
- Serial Number: 1127424
- License Type: ON-PREMISES LIQUOR
- License Status: License is Active
- Credit Group: 1
- Filing Date: 04/25/2002
- Effective Date: 06/01/2010
- Expiration Date: 05/31/2012

Premises Information

| | |
|---|---|
| Principal's Name: | SCARPINATO,CAROLINE<br>RECANATI,MICHAEL<br>KRUPINSKI,BONNIE BISTRIAN<br>PERELLA,AMY M<br>PERELLA,JOSEPH R |
| Premises Name: | 1770 INN LLC |
| Trade Name: | THE 1770 HOUSE |
| Zone: | 1 |
| Address: | 143 MAIN STREET<br>DAYTON LANE & ROUTE#27<br>EAST HAMPTON, NY 11937 |
| County: | SUFFOLK |

You can select one of the following links to perform another search:

- Search by Name
- Search by License Number
- Search by Location
- Search by Principal
- Advance Search

Disclaimers | Confidentiality | Privacy | Security
New York State Liquor Authority • 80 S. Swan Street • 9th Floor • Albany, New York • 12210-8002